# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOHN LANGSFELD and
JOHN HARRISON,

    Plaintiffs,

v.

CARL WYNNE, et al.,

    Defendants.

CIVIL ACTION NO.
1:08-CV-0225-JOF

## OPINION AND ORDER

This matter is before the court on Plaintiffs' motion for partial summary judgment [11]; and Defendant's motion for the court to consider response brief [16].

**I.**    **Background**

    **A.**    **Complaint**

Plaintiffs, John Langsfeld and John Harrison,[1] filed suit against Defendants, Carl Wynne, Jonathan Barrett, and Cherokee Land Development Group, LLC, on January 22, 2008. Plaintiffs' claims arise out of a land development deal gone bad. Defendants Wynne and Barrett were members of Defendant Cherokee Land Development Group, LLC.

---

[1] John Harrison, Jr., and Kelly Harrison assigned all of their rights, claims, and causes of action asserted in this case to Plaintiff John Harrison.

Plaintiffs' complaint raises causes of action under federal law for fraudulent conduct in the sale of securities and state law for fraud in the inducement, violations of Georgia's Racketeer Influenced and Corrupt Organizations Act, breach of contract, breach of fiduciary duty, *alter ego* liability, negligent misrepresentation, suit on a promissory note, suit on personal guaranty, punitive damages, and attorney's fees and expenses of litigation.

Through its agent, Susan Shivers Fink, Cherokee Land Development Group was served with the complaint on January 23, 2008. Defendant Wynne was personally served on January 24, 2008, and Wynne filed an answer and cross-claim on February 13, 2008. Defendant Barrett was personally served with the complaint on January 25, 2008. Because Defendants Barrett and Cherokee Land Development Group did not file an answer to Plaintiffs' complaint, Plaintiffs requested that the Clerk of the Court enter default against the two which the Clerk did on February 19, 2008. On March 2, 2008, Defendant Barrett filed a Chapter 7 bankruptcy petition and therefore all claims against him are stayed.

The court briefly recites the allegations of Plaintiffs' complaint to give context for Plaintiffs' motion for summary judgment. In spring 2005, Nelson Guzman, as Chief Operating Officer and Vice President of Cherokee Land Development Group, along with Defendants Wynne and Barrett convinced Plaintiffs to invest in a residential real estate

AO 72A
(Rev.8/82)

development project covering 30 acres with a plan to develop 27-28 residential lots. *See* Cmplt., ¶¶ 11, 14.[2]

On June 23, 2005, Plaintiffs entered into an Investment Agreement with Defendants whereby Plaintiffs invested $300,000 with Defendants for the purpose of developing and paying expenses for the development project. *Id.*, ¶ 29.[3] Pursuant to the terms of the Investment Agreement, Defendants secured the $300,000 investment with a Promissory Note. *Id.*, ¶ 30. Defendants Wynne and Barrett (and Guzman) also executed Personal Guaranties for the principal amount of the Promissory Note. *Id.*, ¶ 31.

The Promissory Note provided that "repayment of the above stated principal amount, together with any additional amounts, is subject to the terms and conditions of said Investment Agreement, the terms of which are incorporated herein by reference. This Note shall be due and payable on or before thirty-five months (35) from June 23, 2005." *Id.*, ¶ 102. The Investment Agreement provides that if Plaintiffs "collectively decide not to

---

[2]Nelson filed for Chapter 7 bankruptcy on December 7, 2007, and is not named as a defendant in this suit.

[3]Specifically, the Investment Agreement states,
[i]t is hereby agreed that prior to commencing development of the above mentioned project, Investors shall have option and right to review all development plans and projected development costs associated with the Development. After review of said information, should Investors, collectively, decide not to participate in the development project, the investment amount of $300,000 shall be returned to the Investors within sixty days.

*See* Investment Agreement, at 2.

3

participate in the development project, the investment amount of $300,000 shall be returned to [Plaintiffs] within sixty days" with "interest on said amount prorated at the rate of 12% per annum, commencing June 24, 2005." *Id.*, ¶ 104.

On December 19, 2006, Plaintiffs demanded repayment of their $300,000 plus 12% interest from Defendants Wynne and Barrett, but Defendants failed to make repayment within sixty days, or February 27, 2007. *Id.*, ¶ 108. Plaintiffs again demanded repayment on May 31, 2007. *Id.*, ¶ 109. As of January 22, 2008, Defendants are indebted to Plaintiffs in the amount of $392,909.56 of which $300,000 is principal and $92,909.56 is interest. *Id.*, ¶ 110. In addition, under the terms of the Note, Defendants are further indebted to Plaintiffs for Plaintiffs' attorney's fees and expenses of litigation incurred in the collection of such debt in the amount of fifteen percent (15%) of the outstanding indebtedness through the date of judgment. *Id.*, ¶ 111. Plaintiffs provided notice of intent to enforce the attorney's fees provision of the Note on the date the complaint was filed. *Id.*, ¶ 112.

For purposes of factual context, the court notes that Defendant Wynne further contends in an affidavit submitted with his response to Plaintiffs' motion for partial summary judgment that Plaintiffs had reviewed the projected costs and plans for the project prior to the Investment Agreement being executed. During the engineering phase of the project, Wynne relinquished his interest in the project and received an Indemnity Agreement from the other members of the Cherokee Land Development Group. On the basis of this

4

Indemnity Agreement, Wynne has filed a cross-claim against Defendants Barrett and Cherokee Land Development Group.

### B.    Contentions

Plaintiffs move for partial summary judgment against Defendant Cherokee Land Development Group and Defendant Wynne on Count XI (Suit on Promissory Note) and Count XII (Suit on Personal Guaranty) only.  Plaintiffs contend there is no dispute that Defendants executed the promissory note in favor of Plaintiffs and that Defendant Wynne executed a Personal Guaranty whereby he is jointly and severally liable for the principal amount of the note as well as any other amounts due under the Note.  There is also no dispute that the Promissory Note has not been repaid despite Plaintiffs' written demands.

Defendant Wynne responds that the Promissory Note and Personal Guaranty were not signed until after Plaintiffs had invested $300,000 into the development project, and thus they fail for lack of consideration.  Defendant Wynne also asserts that Plaintiffs' claims fail under the doctrine of laches because they had sufficient information regarding the proposed plan prior to making their investment.  Further, Plaintiffs did not demand return of their investment until six months after Wynne left the development project and did not file suit until one year after demanding repayment of their Promissory Note.  Defendant Wynne

5

asserts such delays prejudice him because Guzman has filed for bankruptcy which will preclude Wynne from recovering on his indemnity agreement.[4]

## II. Discussion

### A. Defendant Cherokee Land Development Group

The Clerk of the Court has entered default against Cherokee Land Development Group. Plaintiffs move for summary judgment against Cherokee Land Development Group on the basis of this default. By its default, the defendant "admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, simply because Cherokee Land Development Group is in default does not mean that a default judgment is warranted. *Id.* at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the [defendant] of [its] liability and of the [plaintiff's] right to recover." *Id.* Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Cherokee Land Development Group are

---

[4]Plaintiffs asks the court to decline to consider Defendant Wynne's response to their motion for summary judgment because it was filed thirty days after the motion. Defendant Wynne recognizes that his response was filed outside the twenty-day response period but asks the court in its discretion to consider his response. Because the law has a preference for deciding issues on their merits, the court will consider Defendant Wynne's response. The court GRANTS Defendant's motion for the court to consider response brief [16].

6

sufficient to establish both Cherokee Land Development Group's liability and the amount of damages such that Plaintiffs' motion for default judgment must be granted.

The party claiming a breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) "the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981)).

The court finds that the well-pled allegations of the complaint set forth all of the required elements to establish Cherokee Land Development Group's liability for breach of contract with respect to the Promissory Note. Plaintiffs' complaint sets forth that Defendant Cherokee Land Development Group signed a Promissory Note in favor of Plaintiffs, and that Note has not been satisfied despite demand for payment. Accordingly, the court finds that Plaintiffs' claim for breach of contract under the Promissory Note is legally sufficient and is supported by well-pleaded allegations.

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists*

*Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Moreover, although a party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

Here, the court finds that damages can be reduced to a sum certain. The complaint recites: As of January 22, 2008, Defendants (including Cherokee Land Development Group jointly and severally) are indebted to Plaintiffs in the amount of $392,909.56 of which $300,000 is principal and $92,909.56 is interest. *Id.*, ¶ 110. In addition, under the terms of the Note, Defendants are further indebted to Plaintiffs for Plaintiffs' attorney's fees and expenses of litigation incurred in the collection of such debt in the amount of fifteen percent (15%) of the outstanding indebtedness through the date of judgment. *Id.*, ¶ 111.

For the foregoing reasons, the court GRANTS Plaintiffs' motion for summary judgment against Cherokee Land Development Group on Count XI of their complaint (suit on promissory note).

8

## B. Defendant Wynne

The court now considers Defendant Wynne's defenses beginning with laches. Laches is a defense applicable in equitable suits and not actions at law. *See*, *e.g.*, *Kenerly v. Bryant*, 227 Ga. App. 746 (1997) (action to collect on promissory note is "action at law" and thus doctrine of laches not applicable; even if laches were applicable, it could not be enforced within statute of limitations period); *Anziano v. Appalachee Enterprises, Inc.*, 208 Ga. App. 760 (1993) (refusing to apply doctrine of laches to action on promissory note); *Padgett v. Bryant*, 121 Ga. App. 807 (1970) (refusing to apply doctrine of laches to breach of contract action brought within statute of limitations period).

Here, Plaintiffs' action on the promissory note is clearly an action at law. Furthermore, there is no dispute that Plaintiffs have raised this claim within the relevant statute of limitations period. Therefore, the court will not apply the doctrine of laches.

Defendant Wynne next asserts that there was no consideration for the Promissory Note and Personal Guaranty because the $300,000 was invested before the agreements were signed. As the holder of a valid, signed promissory note, Plaintiffs have a prima facie right to payment under the note. *See*, *e.g.*, *Foreman v. Chattooga International Technologies, Inc.*, 289 Ga. App. 894 (2008). Defendant Wynne is correct, however, that "[a]ny presumption that a promissory note in the hands of the original payee is supported by

9

consideration is subject to rebuttal. And this is the rule even where the note is under seal or recites that it is given 'for value received.'" *Ochs v. Hoerner*, 235 Ga. App. 735 (1998).

Here, however, both Plaintiffs and Defendant Wynne agree that Plaintiffs invested $300,000 in the development project in return for the signing of the Investment Agreement, Promissory Note, and Personal Guaranty. Defendant Wynne does not dispute that the Promissory Note was created in consideration of the $300,000 investment made by Plaintiffs and that the Guaranty was signed as further security on the $300,000 investment. The Note and the Guaranty were signed by the same parties on the same day as the Investment Agreement. Defendant Wynne's argument is focused on the ***timing*** of the payment as opposed to its existence at all. In contrast, in *Foreman*, cited by Defendant Wynne, the court denied the plaintiff's motion for summary judgment because there was conflicting testimony in the record as to whether the promissory notes were signed in return for a transfer of assets or in exchange for assistance in making a corporation profitable.

The court has located no case which indicates that the investment of the $300,000 prior to the signing of the Promissory Note or Guaranty means those two documents would fail for lack of consideration. In fact, Georgia courts have held that "[s]ervices previously rendered are sufficient consideration to support a promissory note . . . and the mere inadequacy of consideration alone will not avoid the contract." *See Littlegreen v. Gardner*, 208 Ga. 523, 523 (1951); *Miller v. Calhoun/Johnson Co.*, 230 Ga. App. 648, 650 (1998)

10

(rejecting failure of consideration argument for promissory note which was created to settle antecedent debt (citing O.C.G.A. § 11-3-408)).  For these reasons, the court finds that the Promissory Note and Personal Guaranty are supported by adequate consideration, and the court GRANTS Plaintiffs' motion for summary judgment against Defendant Wynne on Count XI of their complaint (suit on promissory note) and Count XII (Suit on Personal Guaranty).

The court further notes that under Federal Rule of Civil Procedure 8(c)(1), a defendant must specifically assert affirmative defenses such as lack of consideration and laches.  However, in his original Answer to Plaintiffs' complaint, Defendant Wynne did not raise an affirmative defense to the Suit on Promissory Note or Suit on Personal Guaranty. After Plaintiffs had already filed their motion for partial summary judgment, Defendant Wynne filed an amended Answer which did raise defenses of lack of consideration and laches.  Defendant Wynne, however, did not seek leave of the court or consent of the opposing party to file the amendment.[5]  The court notes that Defendant Wynne's failure to raise these defenses provides an alternative ground for rejecting his laches and failure of consideration defenses.

---

[5]The court declines Plaintiffs' invitation to sanction Defendant Wynne for his untimely submission of an affidavit in conjunction with his response to Plaintiffs' motion for partial summary judgment.

AO 72A
(Rev.8/82)

Plaintiffs ask the court to enter judgment in their favor and against Defendants Wynne and Cherokee Land Development Group pursuant to Rule 54(b) in the amount of $300,000 principal, $105,139.58 in interest accruing from July 11, 2005 through and including June 10, 2008, at the rate of twelve percent simple interest per annum, $98.63 per day after June 10, 2008 through judgment, post judgment interest at the rate of twelve percent simple interest per annum, and reasonable attorney's fees equal to fifteen percent of all outstanding principal and interest due under the Note as of the date of judgment.

As a general principle, a court may only enter a final judgment after it has adjudicated the rights and liabilities of all the parties to an action. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). Fed. R. Civ. P. 54(b) provides an exception to this general principle and allows a district court to enter a final judgment as to some claims or parties, in an action with multiple parties or more than one claim for relief, "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *Id.* In determining whether there is a reason for delay, a district court must balance the judicial administrative interest in avoiding piecemeal appeals and the danger of hardship or injustice associated with delay. *Id.* at 166. Piecemeal appeals which require that two or more three-judge panels familiarize themselves with a given case are rarely efficient. *Id.* at 167. Therefore, "[a] district court's bare statement that there is no reason for delay does not suffice to establish the nature of the case warrants a departure from

AO 72A
(Rev.8/82)

the general rule." *Id.* The Eleventh Circuit has recognized that "the task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of the case"; however, the court has counseled district courts to exercise their power under Rule 54(b) conservatively. *Id.* at 166.

Here, Plaintiffs have chosen to move for judgment on two of their many causes of action and to ask for final judgment on those two claims. The reasons for this request are obvious under the financial circumstances of the parties. Defendant Wynne is the only Defendant actively participating in the litigation. Defendant Wynne does have cross-claims against his two co-defendants, one of whom has entered bankruptcy and therefore no relief can be sought against him. Under normal circumstances, the court would decline to enter judgment in favor of Plaintiffs under Rule 54(b) in light of the outstanding cross-claims. However, here, the remaining co-defendant has not participated in the litigation and the court presumes bankruptcy will be an issue for Cherokee Land Development Group, as it was for Mr. Guzman who filed for bankruptcy prior to this lawsuit and Defendant Barrett who filed while this action was pending. Defendant Wynne has given the court no indication that he expects to pursue these cross-claims. In light of the financial circumstances of all parties, the court finds that Plaintiffs' request for a final judgment under Rule 54(b) would not result in piecemeal litigation and there is no just reason for delay.

13

## III. Conclusion

The court GRANTS Plaintiffs' motion for partial summary judgment [11] and GRANTS Defendant's motion for the court to consider response brief [16].

The Clerk of the Court is DIRECTED to enter final judgment pursuant to Rule 54(b) against Defendants Cherokee Land Development Group and Wynne jointly and severally in the amount of $300,000 principal, $105,139.58 in interest accruing from July 11, 2005 through and including June 10, 2008, at the rate of twelve percent simple interest per annum, $98.63 per day after June 10, 2008 through judgment, post judgment interest at the rate of twelve percent simple interest per annum, and reasonable attorney's fees equal to fifteen percent of all outstanding principal and interest due under the Note as of the date of judgment.

Should Defendant Wynne wish to pursue his cross-claim, he is DIRECTED to file a pre-trial order on the cross-claim within thirty (30) days of the date of this order.

**IT IS SO ORDERED** this 12th day of February 2009.

                                                s/ J. Owen Forrester
                                                J. OWEN FORRESTER
                SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)